UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  Case No: 8:21-cr-347-KKM-CPT

CARLOS MELENDEZ,

    Defendant.
_____

## ORDER

On July 20, 2022, Carlos Melendez, received a sentence of one hundred thirty-five months' imprisonment after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Judgment (Doc. 110) at 1–2. Melendez seeks compassionate release, Mot. for Compassionate Release (Mot.) (Doc. 137). The government did not respond. I deny the motion without prejudice.

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Melendez argues that he qualifies for the exception to this general rule found in § 3582(c)(1). Mot. at 1-2, 4. That provision allows a court to "reduce the term of imprisonment" upon motion of the defendant if certain

conditions are met to show "extraordinary and compelling reasons" for a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i). To satisfy this exception, the defendant must exhaust his administrative rights to "appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or the defendant must request such from the warden and wait thirty days "from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A). A court must then find that "extraordinary and compelling reasons warrant such a reduction" based on the factors in 18 U.S.C. § 3353(a). *Id.* § 3582(c)(1)(A)(i). And finally, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A); *United States v. Handlon*, 97 F.4th 829, 831–32 (11th Cir. 2024) (per curiam); *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

Melendez's motion is denied for two reasons. First, Melendez nowhere states that he "fully exhausted [his] administrative rights." 18 U.S.C. § 3582(c)(1)(A). This failure alone is enough to deny the motion. *See United States v. Lee*, 848 F. App'x 872, 875 (11th Cir. 2021) (per curiam) (concluding that the district court did not err in denying compassionate release motion because the defendant failed to properly exhaust her administrative remedies).

Second, even if Melendez had exhausted his administrative rights, he does not establish an "extraordinary and compelling" reason under U.S.S.G. § 1B1.13(b). Melendez argues that he should be released and deported to Columbia to care for his mother in poor health, because he is the "only other person available" to do so. Mot. at 1-2, 4. Although § 1B1.13(b)(3)(C) identifies "[t]he incapacitation of the defendant's parent" when "the defendant would be the only available caregiver for the parent" as a potential extraordinary and compelling reason, Melendez asks to be deported, an action this Court cannot order, and admits that he is not the only available caregiver. Mot. at 1-2, 4 (stating that there "other relatives living in distant cities and other countries").

Accordingly, Melendez's motion for a sentence reduction (Doc. 137) is **DENIED.**

**ORDERED** in Tampa, Florida, on July 25, 2025.

Kathryn Kimball Mizelle
United States District Judge

3